NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROOSEVELT ANTHONY,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3018

---

Petition for review of the Merit Systems Protection Board in No. AT844E120345-I-1.

---

Decided: April 9, 2013

---

ROOSEVELT ANTHONY, of Waynesboro, Georgia, pro se.

CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before MOORE, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

## DECISION

Roosevelt Anthony seeks review of a decision of the Merit Systems Protection Board dismissing an appeal from a decision of the Office of Personnel Management ("OPM") for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Anthony retired from the United States Postal Service in June 2006. In January 2009, he asked OPM to convert his retirement status from optional to retirement based on disability. OPM approved his request and recalculated his annuity retroactive to June 2006. As a result, Mr. Anthony was paid $9,436.31 in additional annuity benefits that had accrued but had not been paid between June 2006 and August 2009.

Mr. Anthony disputed the recalculation. In September 2009, OPM recomputed his annuity, determined that it was correct, and provided Mr. Anthony with supporting documentation. Mr. Anthony requested reconsideration of OPM's initial decision, and on February 14, 2012, OPM responded to that request and upheld its initial decision. OPM's letter stated that it represented "the final decision of OPM" and was appealable to the Merit Systems Protection Board.

Mr. Anthony filed a timely appeal to the Board. On March 20, 2012, however, OPM sent a letter informing the administrative judge that the agency was "rescinding [its] February 14, 2012, reconsideration decision" and stating that the case would be sent to a particular section within OPM to re-address the amount of Mr. Anthony's annuity after he switched to disability retirement. The letter promised that "[n]ew reconsideration rights will be given" following that decision, and it requested that the

Board dismiss Mr. Anthony's appeal for lack of jurisdiction.

The administrative judge dismissed the appeal. Citing *Gale v. Office of Personnel Management*, 59 M.S.P.R. 54, 56 (1993), and *Bernardino v. Office of Personnel Management*, 55 M.S.P.R. 615, 617 (1992), the administrative judge held that "there is no final decision of OPM from which [Mr. Anthony] may appeal and the Board no longer retains jurisdiction over the appeal." In August 2012, the full Board denied Mr. Anthony's petition for review. It explained that OPM had the authority to correct its previous decisions and that OPM's determination to rescind its reconsideration decision divested the Board of jurisdiction over the appeal. The Board also noted that "[w]hen OPM issues a new final or reconsideration decision, [Mr. Anthony] may file a new appeal if he disagrees with [it]." Mr. Anthony appeals.

DISCUSSION

An individual whose rights or interests under the Civil Service Retirement System or the Federal Employees Retirement System are affected by a "final decision" of OPM may appeal to the Board. *See* 5 C.F.R. §§ 831.110, 841.308; 5 U.S.C. §§ 8347(d)(1), 8461(e)(1). Reconsideration decisions qualify as such final, appealable decisions. 5 C.F.R. §§ 831.109(f); 841.306(e). We have recognized, however, that OPM may "mak[e] an administrative decision to correct what it viewed as its previous mistaken and unlawful award." *Rogers v. Office of Pers. Mgmt.*, 87 F.3d 471, 475 (Fed. Cir. 1996). Because OPM's rescission of a reconsideration decision effectively erases that decision, the Board lacks jurisdiction over an appeal from a rescinded decision. *See, e.g.*, *Nebblett v. Office of Pers. Mgmt.*, 237 F.3d 1353, 1356 (Fed. Cir. 2001); *Snyder v. Office of Pers. Mgmt.*, 136 F.3d 1474, 1476 (Fed. Cir. 1998); *Baniaga v. Office of Pers. Mgmt.*, 86 M.S.P.R. 207,

209 (2000); *Brown v. Office of Pers. Mgmt.*, 51 M.S.P.R. 261, 263 (1991).

That is what happened here. Mr. Anthony appealed OPM's decision regarding the calculation of his annuity benefits, and the agency subsequently rescinded that decision on appeal. OPM stated that it was revisiting the calculation and that "[n]ew reconsideration rights will be given" after it has done so. The Board subsequently explained that Mr. Anthony may appeal from OPM's new decision if he disagrees with it, and, in its brief to this court, the government makes clear that Mr. Anthony "is now free to press his claim with OPM that the annuity calculation is incorrect." Because the OPM decision about which Mr. Anthony complains no longer has legally operable effect, the Board correctly determined that there was no final decision for it to review.

No costs.

**AFFIRMED**